**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMAL BEY,

      Petitioner-Appellant,

v.

WICHITA POLICE DEPARTMENT;
ATTORNEY GENERAL, STATE OF
KANSAS,

      Respondents-Appellees.

No. 00-3368
(District of Kansas)
(D.C. No. 00-CV-3279-DES)

**ORDER AND JUDGMENT**\*

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

     \*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, Jamal Bey seeks a certificate of appealability ("COA") from this court so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition without prejudice. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Bey's § 2254 petition was filed with the United States District Court for the District of Kansas on August 2, 2000. In his § 2254 petition, Bey stated that he was convicted in Kansas state court of carrying a concealed weapon. He further stated that judgment was entered on the conviction and he was sentenced to a thirty-two-month term of incarceration on June 23, 2000. Bey then asserted that he filed a direct appeal in Kansas state court. He also claimed to have filed a state petition for writ of habeas corpus with the Kansas Supreme Court.

In the § 2254 petition, Bey challenged the constitutionality of the Kansas statute that governs appeals of departure and non-departure sentences. *See* Kan. Stat. Ann. § 21-4721. Bey contends that the Kansas sentencing scheme violates the Due Process Clause and the Equal Protection Clause because departure sentences may be appealed while non-departure sentences may not.

After filing his § 2254 habeas petition, Bey proceeded to file several additional petitions in the district court. On September 11, 2000, Bey filed a Petition for Habeas Corpus/Civil Action. On September 28, 2000, he filed a

Motion for Personal Recognizance Bond. Finally, on October 13, 2000, Bey filed a Motion to Issue Summons and Show Cause.

In an order dated November 2, 2000, the district court denied the Motion for Personal Recognizance Bond and the Motion to Issue Summons and Show Cause. The court then construed the Petition for Habeas Corpus/Civil Action as an attempt to amend the § 2254 petition to include a 42 U.S.C. § 1983 action and denied that attempt, advising Bey that he could seek relief by filing a separate § 1983 complaint. The district court then dismissed Bey's § 2254 petition without prejudice on the grounds that Bey had failed to exhaust state court remedies. The district court presumed that Bey's direct appeal was still pending before the Kansas state courts. The district court then denied Bey's request for a COA.

In this appeal, Bey has filed with this court several pieces of correspondence indicating that he currently has a direct appeal pending in Kansas state court. This court liberally construes all of these various filings as a motion to supplement the record and hereby grants that motion.

Before Bey is entitled to a COA, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Bey may make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). After

consideration of Bey's request for a COA, and a comprehensive *de novo* review of the district court's order and the entire record on appeal, this court concludes that Bey has not made a "substantial showing of the denial of a constitutional right," and is thus not entitled to a COA. Accordingly, this court **denies** Bey's request for a COA for substantially those reasons set forth in the district court's order dated November 2, 2000 and **dismisses** this appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge